UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY KING, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-112 |
| | § | |
| AMERIPRISE FINANCIAL SERVICES, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER OF REMAND

On this day came on to be considered Plaintiff's Motion to Remand the above-styled

action for lack of subject matter jurisdiction.  (D.E. 3.)  For the reasons stated herein, the Court

GRANTS Plaintiff's Motion to Remand.  The Court defers to the state court Plaintiff's request

for attorney's fees and costs.  The Court hereby REMANDS this action pursuant to 28 U.S.C. §

1447(c) to the 36th Judicial District Court of San Patricio County, Texas, where it was originally

filed and assigned Case No. S-09-5289CV-A.

## I.     Factual and Procedural Background

In 1985, Plaintiff Jerry King opened an account for the provision of financial services

with Defendant Ameriprise Financial Services, Inc.  Plaintiff was the only account holder named

in the account agreement.  (D.E. 1, Exh. B(1) ¶ 6.)  Plaintiff alleges that when he entered into the

account agreement with Defendant, Defendant expressly or impliedly offered and agreed to keep

Plaintiff's financial information confidential and private.  (Id. ¶ 7.)  Defendant also allegedly

agreed not to disclose Plaintiff's financial information to third parties unless Plaintiff authorized

such disclosure.  (Id.)  Nevertheless, Plaintiff alleges that on or about June 6, 2008, Defendant

disclosed Plaintiff's confidential financial information to a third party without Plaintiff's consent.

This disclosure allegedly damaged Plaintiff.  (Id.)  Following the allegedly improper disclosure, Plaintiff brought suit in the District Court of San Patricio County, Texas alleging breach of contract, invasion of privacy, breach of fiduciary duty, and negligence.  (Id. ¶¶ 10-29.)  Plaintiff sought damages from the defendant "in the amount that is within the jurisdictional limits of th[e] [state] Court," and, for the breach of contract claim, "reasonable and necessary attorneys fees and costs."  (Id. ¶¶ 14, 15, 21, 25, 29.)  Plaintiff did not bring any claims under federal law.

Plaintiff demanded a jury trial, and requested judgment "against the defendant for his liquidated damages, unliquidated damages, economic damages, non-economic damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which the plaintiff may be justly entitled."  (Id. ¶ 30, 32.)  Plaintiff did not seek a specific amount of damages, consistent with Texas Law.  Tex. R. Civ. P. 47.

Defendant was served with the Original Petition on April 20, 2009, and timely removed the case to this Court on May 19, 2009, alleging diversity jurisdiction.  (D.E. 1 ¶ 5.)[1]  Plaintiff filed his Motion to Remand on May 22, 2009.  (D.E. 3.)

## II.    Discussion

### A.    General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  In evaluating the propriety of a removal, "[a]ny

---

[1] On May 27, 2009, Defendant Ameriprise Financial Services, Inc. filed a Motion to Dismiss under Rule 12(b)(6) or, in the Alternative, Motion for More Definite Statement Under Rule 12(e). (D.E. 4.)  Because the Court remands this action to state court, it has no occasion to decide the merits of this Motion.

ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941);  Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994).

In general, an action is removable to a federal court only if it might have been brought there originally. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-92 (1987); Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995).  It is well-settled that the removing party bears the burden of showing that the removal is proper.  See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).  The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed.  See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

### B.        Removal Based on Diversity Jurisdiction

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).

### 1.        Diversity of Parties

Section 1332(a) requires "complete diversity" of citizenship, and the district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.  See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).  In

removal cases, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.  See Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).  In the instant case, the parties agree that complete diversity of citizenship is present.  (D.E. 1 ¶¶ 5-7.)  The only issue is whether the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

### 2.    Amount in Controversy

Generally, the amount in controversy for the purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995).  Where the plaintiff has not made a specific monetary demand and it is not facially apparent from the plaintiff's original petition that the amount in controversy exceeds $75,000, the defendant has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  See Manguno, 276 F.3d at 723 ("where . . . the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000"); St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).  A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."  Manguno, 276 F.3d at 723.  Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount.  In re 1994 Exxon Chemical Fire, 558 F.3d 378, 387 (5th Cir. 2009).

In the instant case, Plaintiff's Original Petition does not specify the amount sought from Defendant.  (D.E. 1, Exh. B(1) ¶ 32.)  Defendant argues that it is "facially apparent" from the nature of the allegations and claims in the Original Petition that the amount in controversy exceeds $75,000, particularly considering that Plaintiff seeks both economic and non-economic damages, as well as attorney's fees and costs.  (D.E. 1 ¶ 8; D.E. 8 at 1-2.)  Defendant further argues that the amount in controversy is evidenced by Plaintiff's January 15, 2009 pre-suit demand letter (the "Demand Letter"), which states "[a]t a minimum, . . . we believe that [Defendant's] exposure in this case is valued at a minimum of $90,000."  (D.E. 1 ¶ 9.)  Plaintiff argues, *inter alia*, that Defendant failed to meet its burden in this case because the unverified Demand Letter is not sufficient evidence of the amount in controversy.  Even if it were, Plaintiff argues, the settlement offer in the Demand Letter is only $45,000, well below the jurisdictional limit.  (D.E.  3 ¶ 13.)  Plaintiff also seeks an award of attorney's fees and costs associated with opposing removal.  (D.E. 3 ¶ 15.)

It is not "facially apparent" from Plaintiff's Original Petition that the amount in controversy likely exceeds $75,000.  Although Plaintiff alleges four causes of action, and seeks broad remedies, the limited facts in the Original Petition do not allow an inference as to the extent of Plaintiff's damages.  Plaintiff alleges only that Defendant's disclosure of his financial information to a third party "caused damages."  (D.E. 1, Exh. B(1) ¶¶ 8-9.)  Due to these limited allegations, it is impossible to determine based solely upon the face of the Original Petition that Plaintiff's claims would exceed the jurisdictional amount.  See, e.g., Vanguard Machinery Int'l, LLC v. Smith Publishing, Inc., No. H-07-3490, 2008 WL 416254, at *2 (S.D. Tex. Feb. 13, 2008) ("whether it is facially apparent that a plaintiff's claims will likely exceed the

jurisdictional amount largely depends on whether the facts alleged in the petition warrant such an inference.").

This conclusion does not end the inquiry, however, as the Court may also consider "summary judgment type evidence" to determine whether the amount in controversy exceeds $75,000. Manguno, 276 F.3d at 723. In its Notice of Removal, Defendant relies largely upon Plaintiff's Demand Letter. (D.E. 1, Exh. G.) Although the Fifth Circuit has not explicitly decided whether pre-suit demand letters may be considered evidence of the amount in controversy, in practice it has looked to pre-suit demand letters to determine whether the amount in controversy was within the jurisdictional limit. See St. Paul, 134 F.3d at 1254-55 (considering pre-complaint letter from plaintiff's attorney to determine amount in controversy); Wilson v. Belin, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also Cronin v. State Farm Lloyds, No. H-08-1983, 2008 WL 4649653, at *3 (S.D. Tex. Oct. 10, 2008) ("The Fifth Circuit has looked to pre-suit demand letters as evidence of the amount in controversy.") (citing St. Paul).[2] This Court will therefore consider Plaintiff's Demand Letter as evidence of the amount in controversy.

Plaintiff's Demand Letter lists two sums: a $90,000 "minimum" estimate of Defendant's "exposure in this case" and a $45,000 settlement offer, which "includes compensation for costs and attorney's fees" incurred as of the date of the letter. (D.E. 1, Exh. G at 3-4.) Although the Fifth Circuit has not definitively ruled on this issue,[3] other circuits have held that settlement

---

[2] The Fifth Circuit in Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992), determined only that pre-suit demand letters did not constitute "other paper" that initiated the thirty-day time period provided by 28 U.S.C. § 1446(b) in which a party can remove an action to federal court. 969 F.2d at 164. The Fifth Circuit did not decide whether a pre-suit demand letter could constitute evidence of the amount in controversy where a petition does not state the amount of damages. Id. at 164 n.8.

[3] See Ford v. State Farm Mut. Auto. Ins. Co., No. Civ. 08-403-JVP-CN, 2009 WL 790150, at *3 n.6 (M.D. La. Mar. 25, 2009) (The Fifth Circuit "has not conclusively addressed the issue of whether a pre-petition settlement demand

offers are relevant evidence of the amount in controversy.  See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428-30 (7th Cir. 1997) (holding that plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir.1994) (While a "settlement offer, by itself, may not be determinative, it counts for something."); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) ("[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability.").  Consistent with this approach, at least one other court in this district has examined settlement offers to determine the amount in controversy.  See Loranzo v. Schoellerman, No. H-08-3069, 2009 WL 211080, at *2 (S.D. Tex. Jan. 28, 2009) (examining plaintiff's pre-removal settlement demand letter to determine whether plaintiff's claims exceed $75,000).[4]

In this case, Plaintiff's Demand Letter makes a settlement offer of $45,000.  This settlement offer, which is relevant evidence of the amount in controversy and appears to

---

letter can be considered as relevant evidence of the amount in controversy. However, it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.") (citing Hartford Insurance Group v. Lou-Con Inc., 293 F.3d 908 (5th Cir.2002); Wilson v. Belin, 20 F.3d at 651 n. 8).

[4] Many other courts within the Fifth Circuit have also considered settlement offers as evidence of the amount in controversy. See, e.g., Stone v. State Farm Mut. Auto Ins. Co., No. Civ. 08-3859, 2008 WL 4507827, at *2 (E.D. La. Oct. 2, 2008) ("The amount of a settlement offer is 'valuable evidence to indicate the amount in controversy at the time of removal.'"); Edwards v. Fred's, Inc., No. Civ. 05-0288, 2005 WL 2106156, at *2 (W.D. La. Aug. 30, 2005) (concluding that amount in controversy was below the jurisdictional amount because settlement demand was only $7,049); Ham v. Bd. of Pensions of Presbyterian Church (U.S.A.), No. Civ. 3:04-CV-2692-P, 2005 WL 6271207, at *3 (N.D. Tex. Mar. 8, 2005) ("[S]ettlement offers are compelling evidence of the minimum amount in controversy."); Carnahan v. Southern Pacific R.R. Transp. Co., 914 F. Supp. 1430, 1432 n.4 (E.D. Tex. 1995) (same).  In Pollet v. Sears Roebuck & Co., the Fifth Circuit issued a non-precedential opinion holding that the *post-removal* settlement demand in the case at bar was immaterial to the amount in controversy determination.  46 Fed. Appx. 226, 2002 WL 1939917, at *1 & n.5 (5th Cir. 2002).  The court did not address whether settlement demands in general were relevant to the amount in controversy determination.

represent Plaintiff's assessment of the case, is well below the jurisdictional limit.  Although the

Court cannot entirely discount the $90,000 exposure estimate in the Demand Letter, it is clear

that the *settlement offer* itself, not other amounts contained in a correspondence, is most relevant

to the Court's determination.  As such, the Demand Letter does not establish by a preponderance

of the evidence that the amount in controversy exceeds $75,000.[5]

Defendant presents little other evidence to meet its burden.  Defendant places undue

weight on the fact that Plaintiff has not confirmed that it seeks less than $75,000.  (D.E. 8 at 3.)

Because Defendant has not met its burden, Plaintiff is not required to demonstrate to a "legal

certainty" that the amount in controversy is less than $75,000.  In re 1994 Exxon Chemical Fire,

558 F.3d at 387.  Defendant further argues that "non-economic" damages, in addition to the

economic damages Plaintiff seeks, will likely raise the amount in controversy above $75,000.

(D.E. 8 at 3.)  Defendant, however, fails to provide evidence necessary to quantify Plaintiff's

non-economic damages claim.

Since the amount in controversy is not facially apparent from Plaintiff's Original Petition,

and Defendant has not met its affirmative burden to show by a preponderance of the evidence

that the jurisdictional amount in controversy requirement has been met, this Court does not have

jurisdiction over this case.  See Simon, 193 F.3d at 850; St. Paul, 134 F.3d at 1253; De Aguilar,

47 F.3d at 1411-12; see also 28 U.S.C. § 1332(a).

---

[5] The Demand Letter also states that the alleged "disclosure [by Defendant] caused needless litigation between my client and a third party, which caused my client to incur thousands in attorney's fees and other damages."  (D.E. 1, Exh. G at 1.)  This general statement does not, however, provide any tangible evidence of whether the amount in controversy exceeds the jurisdictional limit.

**III.     Conclusion**

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action and therefore GRANTS Plaintiff's Motion to Remand. (D.E. 3.)  The Court defers to the state court Plaintiff's request for attorney's fees and costs.

This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 36th Judicial District Court of San Patricio County, Texas, where it was originally filed and assigned Case No. S-09-5289CV-A.

SIGNED and ORDERED this 19th day of June, 2009.

_____
Janis Graham Jack
United States District Judge